UNITED STATES of America, Plaintiff–Appellee,

v.

Jose CONTRERAS–JIMENEZ, Defendant–Appellant.

No. 06–40127.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 28, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office, Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public, Philip G. Gallagher, Federal Public Defender'S Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Jose Contreras–Jimenez (Contreras) appeals following his guilty-plea conviction on one count of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Contreras argues that the

___

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Contreras's argument is unavailing in light of circuit precedent. *See United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Contreras argues that this circuit's precedent is inconsistent with *Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez, Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999).

For the first time on appeal, Contreras challenges the constitutionality of § 1326(b) in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Contreras's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Contreras contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Contreras properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.